Matter of Global Liberty Ins. Co. v McMahon (2019 NY Slip Op 03692)





Matter of Global Liberty Ins. Co. v McMahon


2019 NY Slip Op 03692


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9290N 29887/18E

[*1] In re Global Liberty Insurance Co., Petitioner-Appellant,
v
Mark S. McMahon, M.D., as assignee of Rudy Corniel, Respondent-Respondent.


Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Samandarov & Associates, P.C., Floral Park (Eli Shmulik of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered November 11, 2018, which denied Global Liberty Insurance Co.'s (Global) petition to vacate the master arbitrator's award, dated August 15, 2018, affirming the lower arbitrator's award in favor of respondent, dated April 17, 2018, dismissed the proceeding and confirmed the award, unanimously reversed, on the law, without costs, the petition granted, the award vacated, and the matter remanded to the lower arbitrator for a new arbitration to be conducted consistent with this decision.
Respondent submitted to Global a claim for payment under the No-Fault Law (Insurance Law, article 51) in the amount of $5,813,81 for arthroscopic surgery respondent had performed on Global's insured. Global approved the claim only up to the amount of $2,980.44, basing its position on the American Medical Association's CPT Assistant newsletter [FN1]. After Global partially paid the claim, respondent commenced a no-fault arbitration, seeking payment of the $1,342.52 balance. The lower arbitrator, in rendering an award to respondent in that amount, refused to consider CPT Assistant, on which Global had relied, based on the arbitrator's view that CPT Assistant was "not authorized by statute or regulation applicable to the No-Fault Law." On Global's appeal, the master arbitrator affirmed the lower arbitrator's award. Thereafter, Supreme Court denied Global's petition to vacate the award. On Global's appeal, we reverse and grant the petition.
The Official New York Workers' Compensation Medical Fee Schedule, promulgated by the chair of the Workers' Compensation Board, directs users to "refer to the CPT book for an explanation of coding rules and regulations not listed in this schedule." The CPT book, in turn, expressly makes reference to CPT Assistant. By both statute and regulation, the fee schedules established by the chair of the Workers' Compensation Board are
expressly made applicable to claims under the No-Fault Law (see Insurance Law § 5108; 11 NYCRR 68.0, 68.1[a][1]; see generally Government Empls. Ins. Co. v Avanguard Med. Group, PLLC, 127 AD3d 60, 63-64 [2d Dept 2015], affd 27 NY3d 22 [2016]). Accordingly, because CPT Assistant is incorporated by reference into the CPT book, which is incorporated by reference into the Official New York Workers' Compensation Medical Fee Schedule applicable to this claim under the No-Fault Law, the award rendered without consideration of CPT Assistant [*2]is incorrect as a matter of law (see 11 NYCRR 65-4.10[a][4]). We therefore grant the petition to vacate the award and remand the matter to the lower arbitrator for a new arbitral proceeding, at which relevant portions of CPT Assistant shall be given due consideration.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK



Footnotes

Footnote 1:CPT is an acronym for Current Procedural Terminology.